IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA

VERSUS                                           CRIMINAL NO. 2:09cr43 KS-MTP-004

ALONZA WILLIAMS

## ORDER

This cause is before the Court on Motion in Limine filed by Alonza Williams [111], Response thereto [113] filed by the United States, and the Court after considering the same and being fully advised in the premises finds as follows, to-wit:

That the Movant asks for an order *in limine* precluding the United States from mentioning the following:

1. Prior bad acts, or crimes of the defendant, including, but not limited to the fact that he was indicted in the United States District Court for the Northern District of Texas;

2. Any fact, whatsoever, related to Citywide Health Care Group;

3. Any mention, at all, of the tax consequences to individual citizens of the United States that may be related to the matters set forth in the indictment;

4. Any assertion by the United States related to this Defendant's state of mind, knowledge, or intent.

1. PRIOR BAD ACTS, OR CRIMES OF THE DEFENDANT, INCLUDING, BUT NOT LIMITED TO THE FACT THAT HE WAS INDICTED IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS

F.R.E. Rule 404 states: "Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion,

. . . ". This Court sustains the Motion In Limine if this is the purpose of the submission by the Government. However, there is an "except" which concludes the above quoted phrase. The except lists subpart (b) which states

> Other crimes, wrongs or acts. - Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case is provided reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

This Court is not aware of the submissions that are anticipated from the Government. If the prior bad acts or crimes of the Defendant fall within the above, then the Court would do a balancing test under Rule 403 to determine whether or not they should be admitted. The fact that the Defendant was indicted is irrelevant unless for some reason the Government can show that it falls within the 404(b) exception above stated. This Court sustains this portion of the Motion in Limine but will allow the Government to urge 404(b) material by first alerting the Court and requesting that the jury be removed and submitting the testimony or evidence to the Court outside of the jury's presence and allowing the Court to make a ruling on the submissions on a case by case basis.

2.  ANY FACT, WHATSOEVER, RELATED TO CITYWIDE HEALTH CARE GROUP

The Court cannot make a broad ruling such as this but any fact related to Citywide Health Care must first be shown to be relevant and material. This Court overrules this portion of the Motion.

3. ANY MENTION, AT ALL, OF THE TAX CONSEQUENCES TO INDIVIDUAL CITIZENS OF THE UNITED STATES THAT MAY BE RELATED TO THE MATTERS SET FORTH IN THE INDICTMENT

Sustained.

4. ANY ASSERTION BY THE UNITED STATES RELATED TO THIS DEFENDANT'S STATE OF MIND, KNOWLEDGE, OR INTENT.

Denied at this time. The Movant should make contemporaneous objections when such evidence is submitted.

NOW, THEREFORE, the Motion in Limine is partially overruled and partially granted as above stated.

SO ORDERED this the 13th day of May, 2010.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE