IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA

vs.                                                                       CRIMINAL ACTION NO. 2:09cr43-KS-MTP

THEDDIS MARCEL PEARSON, et al

### OPINION AND ORDER

Alanzo Williams, through counsel has filed a motion to dismiss, Document # 74, and after considered the motion, the response, and the rebuttal, the court finds that the motion should be denied. Williams contends that the two counts against him, conspiracy to defraud Medicare and knowingly converting over $1,000 belonging to the United States, are time-barred under 18 U.S.C. 3282. This statute requires that the indictment by brought within five years after the offense has been committed. Williams argues that he committed no acts after 2002, when his ownership interest ceased.

In response the government argues that the statute of limitations is tolled under the Wartime Suspension of Limitations Act, 18 U.S.C. 3287. The Court will apply the version of the statute in effect at the time of the actions alleged in the indictment as instructed by *US v. Seale*, 542 F.3d 1033 (5th Cir. 2008), and will not apply the 2008 revisions.

The pre-2008 Suspension Act provides in relevant part:

> When the United States is **at war** the running of any statute of limitations applicable to any offense ... **involving fraud or attempted fraud against the United States** or any agency thereof in any manner ... shall be suspended until **three years after the termination of hostilities as proclaimed by the President** or by a concurrent resolution of Congress.

18 U.S.C. 3287. The United States Supreme Court in *U.S. v. Bridges*, 346 U.S. 209 (1953), limited the scope of this statute by requiring that 1) the fraud be pecuniary in nature, and 2) fraud is an "essential ingredient" in the offense. The Court finds that both of these elements are satisfied. The

1

actions alleged in the indictment involved significant sums of money and fraud is an essential element in both counts. The conspiracy charge alleges a conspiracy to defraud Medicare by seeking payment for fraudulent claims. The conversion charge also requires proof of fraud. As the government notes in its reply brief, theft can be done by force or fraud. Here, the government is alleging and must prove fraud.

A closer question is whether or not the US was "at war" during the military actions in Iraq and Afghanistan that were authorized by Congress through Authorized Use of Military Force, or "AUMF." Two recent district court cases address what constitutes "at war" for purposes of the Suspension Act before the 2008 amendments: *US v. Shelton*, 816 F. Supp. 1132 (W.D. Tex. 1993) (arguing that a formal declaration of Congress is required) and *US v. Prosperi*, 573 F. Supp. 2d 436 (D. Mass. 2008) (arguing that Congressional AUMFs are sufficient to deem the US "at war"). The Court finds the arguments in *Prosperi* more persuasive. First, the *Prosperi* court considered the same post-9/11 military conflicts in Iraq and Afghanistan that are at issue in this case, while *Shelton* addressed the conflict in Iraq in 1993. The *Prosperi* court considered several factors in its determination including: 1) the extent of congressional authorization, 2) whether the conflict was deemed "war" under international law, 3) the size, scope, and cost of the conflict, and 4) the diversion of government resources required. The Court will not rehash the thorough analysis of these factors in *Prosperi* at 450-454.

Having found the Suspension Act applicable, the Court must now calculate its effect on the claims against Williams. AUMF Against Terrorists passed September 18, 2001, until Karzai was in power in Afghanistan, December 22, 2001. The AUMF Against Iraq passed October 11, 2002, and ended when President Bush declared, "mission accomplished" on May 1, 2003.

Count One alleges that Williams was a co-conspirator in an agreement to defraud Medicare.

The government alleges that this conspiracy was in existence until in or around January 2005, so the Court does not need to apply the Suspension Act. The statute of limitations would not begin to run until the last overt act in furtherance of the conspiracy, *see Fiswick v. U.S.*, 329 U.S. 211, 216 (1946), and the conspiracy count would not be time barred for five years, or until January 2010, well after Williams was indicted. Williams urges that he withdrew from the conspiracy in 2002 when he ceased his ownership interest. However, the court notes that the defense of withdrawal requires an "unequivocal act to disavow or defeat the purpose of the scheme." *See U.S. v. Bradsby*, 628 F.2d 901, 905 (5th Cir 1080). Whether Williams's acts evinced withdrawal is an evidentiary issue and will not be determined at this time.

Count Twelve alleges converted U.S. funds and aided and abetted conversion of U.S. funds between January 2001 and January 2005. Assuming that Williams's last act was at the end of 2002, the claim would not be time-barred after applying the Suspension Act tolling provision. The clock would not begin running until three years after the end of the hostilities, or May 1, 2006. At this point, the five year statute of limitations would begin to run, and the indictment must be brought before May 1, 2011. The government clearly met this deadline.

IT IS THEREFORE ORDERED AND ADJUDGED that this Motion to Dismiss is **Denied.** SO ORDERED AND ADJUDGED this the 4th day of August, 2010, *Nunc Pro Tunc* to June 1, 2010.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE

3